IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

IN RE:                                          )
                                                )  CASE NO.  11-18553-BFK
STEPHEN FOX,                                     )  CHAPTER 13
                                                )
               Debtor.                           )

**OBJECTION TO CONFIRMATION OF CHAPTER 13 PLAN**
**NOTICE OF OBJECTION TO CONFIRMATION OF PLAN**
**AND NOTICE OF SCHEDULED HEARING ON THIS OBJECTION**

1. Notice of Objection and Notice of Hearing

| PLACE OF HEARING: | DATE AND TIME OF HEARING: |
|---|---|
| Courtroom I<br>200 South Washington Street<br>Alexandria, Virginia 22314 | April 11, 2012<br>1:30 p.m. |

**Your rights may be affected.  You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case.  (If you do not have an attorney, you may wish to consult one.)**

2.  Objection to Confirmation of Chapter 13 Plan

The United States of America, by and through undersigned counsel, on behalf of its

Internal Revenue Service, hereby objects to confirmation of the proposed Chapter 13 Plan on the

following grounds:

1.     The Internal Revenue Service has timely filed a proof of claim setting forth the

following information:

Robert K. Coulter
Assistant United States Attorney
VSB: 42512
2100 Jamieson Avenue
Alexandria, Virginia 22314
Tel: (703) 299-3745
Counsel for the United States of America

| Date Claim Filed: | January 5, 2012 |
| --- | --- |
| Secured Amount | $11,600.00 |
| Priority Amount: | $47,790.56 |
| General Unsecured Amount: | $964,941.28 |
| Total Claim Amount: | $1,024,331.84 |

2.    The proposed plan fails to recognize the secured claim of the Internal Revenue

Service.  Plans that do not provide for the full payment of secured claims are not confirmable.

*See*  11 U.S.C. §1325(a)(5)(B);  In re Barnes, 32 F.3d 405 (9th Cir. 1994); Memphis Bank &

Trust Co. v. Whitman, 692 F.2d 427, 429 (6th Cir.1982); In re Coles, 252 B.R. 66 (Bankr. E.D.

VA 1999); United States v. Haas (In re Haas), 203 B.R. 573 (E.D. Pa. 1996).  Pursuant to 11

U.S.C. §1325(a)(5)(B)(ii) the proposed plan must provide for the payment of the present value of

the secured tax claim.  Pursuant to 11 U.S.C. §511 the rate of interest required to be paid to the

Internal Revenue Service is determined pursuant to the Internal Revenue Code and is set forth on

the proof of claim of the Internal Revenue Service.

The plan  must provide that the full amount of the secured claim, plus interest at the

current IRS underpayment rate shall be paid through the plan.  This should be reported in Section

3D of the plan listing the Creditor as "IRS,"  Collateral as  "All Property,"  *see 26 U.S.C. §6321,*

The Monthly Payment and Estimated Term should be calculated by amortizing the secured claim

amount over the remaining term of the plan.

3.    The proposed plan does not adequately provide for the Internal Revenue Service's

priority claim as required by 11 U.S.C. §1322(a)(2).  Plans that do not provide for the full

payment of priority claims are not confirmable.  In re Escobedo, 28 F.3d 405 (7th Cir. 1994).

    4.    The records of the Internal Revenue Service reflect the failure to file Federal tax returns for the following periods:

| Tax Period | Form |
|---|---|
| 2006 though 2010 | 1040 |

The failure to file required tax returns renders the plan unconfirmable pursuant to §1325(a)(9).  The United States objects to confirmation until the required tax returns are filed.

    5.    The Plan is underfunded and not feasible.  *See* 11 U.S.C. §1325(A)(1); §1325(A)(6).

    6.    The Debtor's schedules, plan and claims report debts exceeding the debt limitations of 11 U.S.C. §109(e).  As of April 1, 2010, the §109(e) debt limits increased to $360,475.00 for unsecured debts, and $1,081,400 for secured debts.  The debtor bears the burden of establishing eligibility.  Singer Asset Fin. Co., LLC v. Mullins (In re Mullins), 360 B.R. 493, 498 (Bankr. W.D. Va. 2007).  It appears that the Debtor is not eligible for relief under Chapter 13 of the Bankruptcy Code.

    WHEREFORE, the United States respectfully requests that confirmation of the proposed plan be denied.

Respectfully submitted,

Neil H. MacBride
United States Attorney

By:    /s/ Robert K. Coulter          
Robert K. Coulter
Assistant United States Attorney

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that I have on this date served the foregoing Objection to Confirmation of

Chapter 13 Plan, Notice of Objection and Notice of Scheduled Hearing upon all interested parties

to this proceeding, by causing true and correct copies thereof to be placed in the United States

mail, postage prepaid, addressed as follows:

> Stephen Fox
> 10806 Henderson Road
> Fairfax Station, VA 22039

I hereby certify a copy of foregoing will be filed with the United States Bankruptcy Court

electronically in the CM/ECF system.  Notice of this filing will be sent to all parties by operation

of the Court's electronic filing system. Parties may access this filing through the Court's system.

Parties currently listed by the CM/ECF system to receive electronic notice in this case are set

forth below.

> Robert K. Coulter     robert.coulter@usdoj.gov,
>     USAVAE.ALX.ECF.BANK@usdoj.gov
> Nathan A. Fisher     Fbarsad@cs.com, barsad@aol.com
> Melissa M. Watson Goode     pjmecf@glasserlaw.com, mgoode@glasserlaw.com
> Thomas P. Gorman     ch13alex@gmail.com, tgorman26@gmail.com

Date:  March 6, 2012

> /s/ Robert K. Coulter_____
> ROBERT K. COULTER